CHANCERY.

*Case* 19.

September 23.

## Calk *vs* Francis' Administrator.

APPEAL FROM THE MONTGOMERY CIRCUIT.

Chancery.   Bonds of *indemnity*.

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

In a proceeding in chancery under the statute of 1827 for the sale of the lands of a non-resident, the execution of a bond of indemnity such as required by the statute, at a term subsequent to that at which the decree is rendered, will not cure the error committed by the court in rendering the decree before the execution of the bond, it is not a clerical misprision.

AT the term of the Circuit Court subsequent to that at which an appeal had been granted and an appeal bond executed for reversing a decree for selling a non-resident's land, in a proceeding under the statute of 1827, (1 *Stat. Law,* 99,) the Circuit Judge permitted the complainants to execute and file a bond for indemnifying all persons who might be injured by the decree—no such bond (as required by the statute) having been filed or executed before the decree was rendered, or during the term at which it was rendered.

The decree, as rendered and appealed from, was certainly erroneous, as the statutory bond had not been required or given. But the bond, executed at a subsequent term, being brought up by *certiorari*, the question is, did

the execution of that bond cure the error in the decree? We think not.

The omission to require the bond cannot be deemed a misprision, amendable after the parties were, in consequence of the appeal, out of the Circuit Court; nor had that Court any jurisdiction to correct the decree when the bond was executed and filed. The error in the decree was fatal and could not be corrected at a term subsequent to the appeal taken to reverse it.

Decree reversed and cause remanded.

*Peters* for appellant; *Apperson* for appellees.